IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST ANNEX, INC., <br> 4561 Indian Rock Terrace, NW <br> Washington, DC 20007 <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD <br> PASSENGER CORP., <br> 80 Massachusetts Avenue, NE <br> Washington, DC 20002 <br><br> and <br><br> WASHINGTON TERMINAL CO., <br> 80 Massachusetts Avenue, NE <br> Washington, DC 20002 <br><br> and <br><br> CHICAGO UNION STATION CO., <br> 80 Massachusetts Avenue, NE <br> Washington, DC 20002 <br><br> Defendants. | Case No.: <br><br> Removed from the Superior Court of the District of Columbia, Civil Division <br> C.A. Case No. 13-0005688. |

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1331 AND 1441**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § § 1331 and 1441, et seq., Defendant National Railroad Passenger Corporation, ("Amtrak" or "Defendant"), by counsel, hereby removes to this Honorable Court the entire civil action brought in the Superior Court of the District of Columbia, Civil Division, captioned *First Annex, Inc. v. National Railroad Passenger Corp., et al.*, Superior Court Civil Action No. 13-0005688. A copy of the Complaint is attached hereto as **Exhibit A**. In support of removal, Defendant states as follows:

1. On August 20, 2013, Plaintiff First Annex, Inc. filed its Complaint in the Superior Court of the District of Columbia, Civil Division. Plaintiff served Amtrak with a copy of the Complaint on August 22, 2013.

2. Pursuant to 28 U.S.C. § 1441(a), any civil action over which the District Courts of the United States have original jurisdiction may be removed from the state to federal court.

3. Pursuant to 28 U.S.C. § 1331, the District Courts of the United States have original jurisdiction over any civil action presenting a question of federal law.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1349, which creates original jurisdiction for all civil actions against corporations created by Congress and owned by the United States. Specifically, § 1349 states: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless* the United States is the owner of more than one-half of its capital stock." (Emphasis added.)

5. Amtrak is a federally-chartered stock corporation and more than half of its stock is owned by the United States. *Hollus v. Amtrak Northeast Corridor*, 937 F.Supp. 1110 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997).

6. Accordingly, this Court has federal question jurisdiction over this case. *See, e.g., Davis v. Amtrak*, No. CV 12-03976, 2013 WL 3187385, *2 (N.D. Cal. June 21, 2013) ("Federal District courts have federal question jurisdiction over state law claims in which Amtrak is a defendant."); *Stark-Romero v. National R.R. Passenger Co.*, 763 F.Supp.2d 1231, 1257-58 (D.N.M. 2011) (quoting *Hollus* and holding that "[b]ecause a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak."); *Davidson v. National R.R. Passenger Co.*, No. Civ. A. 00-1226,

2000 WL 795881, *2 (E.D. Pa. June 9, 2000) ("As Amtrak is a federally-chartered corporation whose stock is wholly owned by the federal government, this Court has original subject matter jurisdiction . . . under 28 U.S.C. §§ 1331 and 1349."); *Wyant v. National R.R. Passenger Co.*, 881 F.Supp. 919, 924 (S.D.N.Y. 1995) ("[It] is well-settled that federal courts have federal question jurisdiction over suits by or against Amtrak under 28 U.S.C. § 1331."); *Wormley v. Southern Pacific Transp. Co.*, 863 F.Supp. 382, 384 (E.D. Tex. 1994) ("It is undisputed that the United States owns more than half of Amtrak's capital stock.").

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it was filed less than thirty (30) days from August 22, 2013, the date upon Amtrak was served with the initial Complaint.

WHEREFORE, Amtrak respectfully requests that this entire case be removed from the Superior Court of the District of Columbia, Civil Division, to this Court.

Respectfully submitted,

NATIONAL RAILROAD
PASSENGER CORP.
By Counsel

REED SMITH LLP

_____/s/ Richard C. Sullivan, Jr._____
Richard C. Sullivan, Jr. (D.C. Bar No. 462141)
Stacey C. Forbes (D.C. Bar No. 1003321) (Admission paperwork to the United States District Court for the District of Columbia currently pending)
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia 22042
Phone: (703) 641-4221
Facsimile: (703) 641-4340
*Counsel for Defendant National Railroad Passenger Corp.*

Dated: September 10, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 10th day of September 2013, a copy of the foregoing was sent via U.S. Mail and I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) and to the following:

>Brian P. Murphy, Esq.
>Griffin, Murphy, Moldenhauer & Wiggins, LLP
>1912 Sunderland Place NW
>Washington, DC 20036
>Phone: (202) 530-7166
>Facsimile: (202) 318-2272
>BMurphy@washlaw.com
>*Counsel for Plaintiff First Annex, Inc.*

>/s/ Richard C. Sullivan, Jr.