

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FIRST ANNNEX, INC.
Vs.
NATIONAL RAILROAD PASSENGER CORPORATION et al

C.A. No. 2013 CA 005688 B

RECEIVED
Amtrak
AUG 22 2013
ELEANOR D. ACHESON
PRESIDENT, GENERAL COUNSEL
AND CORPORATE SECRETARY

**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge LAURA A CORDERO
Date: August 20, 2013
Initial Conference: 9:30 am, Friday, November 22, 2013
Location: Courtroom A-50
515 5th Street N.W.
WASHINGTON, DC 20001



EXHIBIT A

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

FIRST ANNEX, INC
_____
Plaintiff

vs. CHICAGO
UNION STATION COMPANY
_____
Defendant

Case Number **13-0005688**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

BRIAN P. MURPHY
Name of Plaintiff's Attorney  07/13/99
1912 SUNDERLAND PL NW
Address WASHINGTON DC 20036
202-530-7166
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 8/20/2013

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-269-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS – Oct. 2011                                                                                                            CASUM.doc

In the
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office
AUG 2 0 2013
Superior Court of the
District of Columbia
Washington, D.C.

13 - 0 0 0 5 6 8 8

| | |
|---|---|
| **FIRST ANNEX, INC.** ) <br> 4561 Indian Rock Terrace, NW ) <br> Washington, DC 20007 ) <br> ) <br> *Plaintiff* ) <br> ) <br> vs. ) <br> ) <br> **NATIONAL RAILROAD PASSENGER** ) <br> **CORPORATION** ) <br> 80 Massachusetts Avenue N.E. ) <br> Washington, D.C. 20002 ) <br> ) <br> and ) <br> ) <br> **WASHINGTON TERMINAL COMPANY** ) <br>     80 Massachusetts Avenue N.E. ) <br>     Washington, D.C. 20002 ) <br> ) <br> and ) <br> ) <br> **CHICAGO UNION STATION COMPANY** ) <br>     80 Massachusetts Avenue N.E. ) <br>     Washington, D.C. 20002 ) <br> ) | Case No. 2013 CA_____ |

**COMPLAINT AND JURY DEMAND**
*(Suit for Breach of Contract and Tortious Interference with Contractual Relations)*

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, § 11-921.

## PARTIES

2. Plaintiff First Annex, Inc. ("First Annex" or "Plaintiff") is a Virginia corporation licensed to do business in the District of Columbia and engages in the restaurant and food service business.

3. Defendant National Railroad Passenger Corporation ("AMTRAK") is a government-owned corporation established in 1971 to provide intercity passenger train service having principal offices at 60 Massachusetts Avenue NE Washington DC and operates under the trade name "AMTRAK".

4. Defendants Washington Terminal Company and Chicago Union Station Company are subsidiaries of AMTRAK and are parties to one or more written contracts with Plaintiff, acting by and through its agent, Crear, Inc. including an agreement dated October 9, 2012 relating to activities performed at Union Station, Washington DC in the vicinity of Track Nos. 22, 23 and 24.

5. AMTRAK operates trains in the subterranean spaces of Union Station, Washington DC, under various easements.

6. Union Station Investco, LLC ("USI") is a Delaware Limited Liability Company organized October 24, 2006 with principal offices in New York at 150 East 58th Street 39th Floor New York, NY 10155 and is an affiliate of Ashkenazy Acquisition Corp.

7. USI is the sub- sublessor of the historic Union Station in Washington DC under a sub-sublease with the prime sublessor of the property, Union Station Venture II, a Delaware Limited Liability Company which is the assignee of a sublease of the property between Union Station Venture Ltd, a District of Columbia Limited

Partnership which is the sublessor of the property under a lease between it and Union Station Redevelopment Corporation, a District of Columbia nonprofit corporation which, on information and belief, has a possessory interest in the Property under arrangements with the fee simple owner, the United States of America acting through the Federal Railroad Administration and/or the United States Department of Transportation

## THE LEASE

8. On or about March 31, 2010 Plaintiff First Annex and Defendant USI executed a Lease Agreement (hereinafter referred to as the "Lease") for approximately 1,026 square feet of floor space at Union Station known as Space No. 133 for a term of ten (10) years.

9. The starting basic rent per square foot for the Lease is almost $400.00 per square foot, making it one of the most expensive leases in the Washington Metropolitan Area.

10. The purpose of the Lease is to operate, as a franchisee, an Einstein Bros. bagel and coffee shop/restaurant.

11. The Lease provides that the initial term is to commence 120 days from date upon which Landlord makes the Leased Premises available to the Tenant with landlord's work as set forth in Schedule B of the Lease substantially completed. (Section 1.1 (B)).

12. On May 13, 2011 Landlord USI sent a letter to Plaintiff claiming that the landlord work had been substantially completed.

13. Prior to that time the Plaintiff had been working on its construction documents for over one year.

14. Substantial progress had been made by Plaintiff as early as the first month after the Lease was signed and that Plaintiff continually pursued the project in a diligent manner, responding promptly to all requests.

15. Drawings were submitted on behalf of Plaintiff to the Landlord for architectural review on November 17, 2010.

16. On December 6, 2010 the Plaintiff was advised that Landlord USI only had three key items for comment, specifically comments relating to space for tops and stools, queing line locations and the shopping concourse storefronts.

17. Plaintiff promptly set about responding to those comments and by February 14, 2011 a new layout had been submitted addressing those items.

18. On or about June 7, 2011 permit plans were distributed via yousendit.com.

19. On August 19, 2011 Landlord USI approved the Plaintiff's construction documents and allowed the Plaintiff to proceed with construction. In that notice Plaintiff was advised for the very first time that it was necessary to deal with AMTRAK Long-Haul Tunnel. It stated:

> "Due to the fact that your store is located over the AMTRAK Long-Haul Tunnel under the station your general contractor must also obtain clearance with AMTRAK Engineering Group prior to performing any work in that location, specifically the plumbing drain and waste line installations. The AMTRAK point of contact is: Mr. Clark Walker, inspector (410) 977-4061."

20. Plaintiff promptly contacted shortly after August 19, 2011.

21. On September 6, 2011 Plaintiff advised AMTRAK that "For us it's crucial to start doing these activities next week".

22. On September 28, 2011 AMTRAK stated that "any work on AMTRAK property must wait until a temporary permit to enter upon AMTRAK property is issued. See attached procedure for applying. Turnaround time is generally 30 days but this can vary."

23. Due to the lack of cooperation, the neglect, procrastination and an almost total lack of concern for the economic interests of Plaintiff by Amtrak, the turnaround time was not 30 days but rather 376 days before the temporary permit was issued on or about October 9, 2012 pursuant to an agreement between Defendants and Plaintiff's contractor/agent, Crear, Inc. dated October, 2012. These delays have resulted in great financial loss to Plaintiff.

24. AMTRAK has subterranean easements described in Exhibit "A" to the Assignment and Assumption of Leasehold Interest dated January 25, 2007 between Union Station Venture II, LLC and Defendant USI recorded January 25, 2007 in the Office of the Recorder of Deeds of the District of Columbia as Instrument No. 2007011926.

25. AMTRAK caused inordinate delays in responding to Plaintiff's requests for approval and imposed unreasonable requirements and restrictions causing damages to Plaintiff for delay and increased completion costs.

26. On or about June 1, 2012 USI sent Plaintiff an invoice for rent in the amount of $334,267.45.

27. Disputes arose over the claim for rent resulting in a modification of the Lease which reset the commencement of the initial term of the Lease and the commencement of the obligation to pay base rent to June 1, 2012.

28. Due to the continued lack of cooperation, the neglect, procrastination and an almost total lack of concern for the economic interests of Plaintiff by Defendants, Plaintiff was not able to open for business until March 2013, incurring an obligation to pay base rental of $305,193.37 for the premises prior to the opening and commencement of business.

29. Plaintiff has incurred additional damages because of the delay because the scheduled increase in base rent under the Lease will now occur approximately nine months earlier than it would in the absence of the aforesaid delays and Plaintiff has lost nine months of revenue and profit due to the delay.

30. Long after it entered into the Lease with Plaintiff, Landlord USI entered into a lease of the Union Station retail premises adjacent to Plaintiff's space for a Jamba Juice restaurant which, although a latecomer, received a higher and speedier degree of attention and cooperation than the Defendants gave to Plaintiff and as a result were able to complete their subterranean work and open for business before Plaintiff.

31. Tennis superstar Venus Williams is a principal of the Union Station Jamba Juice and other Jamba Juice locations in the Washington DC Area.

32. Plaintiff, on the basis of information and belief, avers that Defendants gave preferential and more expedited treatment to the newcomer, Jamba Juice, due to its association with the glamorous celebrity, Venus Williams, proving that much of the delay in processing Plaintiff's requests was unnecessary.

## COUNT I
### (Tortious Interference)

33. Jurisdiction for this, the First Count of Plaintiff's Complaint is founded on Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, §11-921.

34. Paragraphs 1 through 32, inclusive, *supra*, and 39 through 43, inclusive, *infra*, are incorporated by reference as to this, the First Count of Plaintiff's Complaint.

35. At all relevant times, Defendants were aware of the existence of the Lease.

36. Defendants' delays, neglect and procrastination were willful, intentional and done with knowledge that such actions and inactions would result in interference with the performance of the Lease and that substantial economic damages would result.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment against Defendants, jointly and severally, jointly and in favor of Plaintiff for damages of at least $1,010,000.00

B. Provide such other and further relief to which Plaintiff may be entitled including costs, prejudgment and post judgment interest and, to the extent provided or authorized by law, an award of reasonable attorney's fees.

## COUNT II
### (Breach of Contract)

37. Jurisdiction for this, the Second Count of Plaintiff's Complaint is founded on D.C. Code Annotated, 2001 edition, as amended, §11-921.

38. Paragraphs 1 through 36, inclusive, *supra*, are incorporated by reference as to this, the Second Count of Plaintiff's Complaint.

39. Both express and implied contractual relationships existed between Plaintiff and Defendants based on both the status of Amtrak and/or its affiliates as prime landlord Of Union Station, Washington DC and holder of subterranean easements of Union Station, Washington DC as well as under a written agreement signed by Defendant AMTRAK for itself and the other Defendants herein in October, 2012.

40. Pursuant to those contractual relationships Plaintiff paid to or for the benefit of defendants at least $51,776.00 and other sums.

41. AMTRAK had a duty to process Plaintiff's requests with reasonable promptness and failed to do so.

42. Defendants' actions obstructions and delays constituted a breach of the implied covenant contained in every District of Columbia contract that the parties will extend reasonable cooperation in clearing the way for performance.

43. AMTRAK has imposed unreasonable conditions on Plaintiff and failed to perform within a reasonable time.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment against Defendants, jointly and severally and in favor of Plaintiff for damages of at least $1,010,000.00

B. Provide such other and further relief to which Plaintiff may be entitled including costs, prejudgment and post judgment interest and, to the extent provided or authorized by law, an award of reasonable attorney's fees.

RESPECTFULLY SUBMITTED,

_____
Brian P. Murphy   DC Bar # 071399
1912 Sunderland Place NW

8

Washington DC  20036
(202) 530-7166
FAX: (202) 318-2272
BMurphy@washlaw.com
Attorney for Plaintiff First Annex, Inc.

## JURY DEMAND

      Trial by jury of 12 citizens is demanded as to any and all matters which may be triable by jury.

_/s/ Brian P. Murphy_
Brian P. Murphy

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

**13 - 0 0 0 5 6 8 8**

FIRST ANNEX INC

vs

NATIONAL RAILROAD PASSENGER CORP

Case Number: _____

Date: 8/20/2013

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Brian P Murphy Attorney at Law | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: 202-530-7166   Six digit Unified Bar No.: 071399 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury   ☐ 6 Person Jury   ☒ 12 Person Jury
Demand: $ $1,010,000   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar #: _____

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**   **COLLECTION CASES**

☒ 01 Breach of Contract   ☐ 07 Personal Property   ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty   ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument   ☐ 12 Specific Performance   ☐ 17 OVER $25,000
☐ 15 Special Education Fees   ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile   ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion   ☐ 04 Property Damage   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process   ☐ 09 Harassment   ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy
☐ 03 Assault and Battery   ☐ 11 Libel and Slander   ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 12 Malicious Interference   ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 13 Malicious Prosecution   ☐ 20 Friendly Suit
☐ 06 False Accusation   ☐ 14 Malpractice Legal   ☐ 21 Asbestos
☐ 07 False Arrest   ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud   ☐ 16 Negligence- (Not Automobile, Not Malpractice)   ☐ 23 Tobacco
    ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/May 12

# Information Sheet, Continued

**C. OTHERS**

I.
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4315)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)
- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____     August 20, 2013
Attorney's Signature                     Date
#071399